ROSE NEPOLA, as Administratrix of the Estate of EDWARD NEPOLA, Deceased, Respondent, *v.* CITY OF NEW YORK, Appellant.

*Per Curiam.* Decedent was killed by a subway train. The only proof of the facts leading to the accident is the testimony of the motorman of the train offered by deposition at the trial. He testified that when he was entering the 86th Street Station of the Lexington Avenue line he noticed a passenger leave the wall of the station and "run toward the edge of the platform."

The run was described as "fast" and the narrative continued that the decedent made "a great big leap." in front of the train and "I immediately applied my brakes". When the decedent "left the wall" he was "about thirty feet ahead of me".

The case was submitted to the jury which found for the plaintiff, but we regard the verdict as being unsupported by evidence of negligence. The tenuous argument is pressed upon us that the jury could have inferred that the motorman saw the decedent in a place of danger in time to stop the train, and that having seen him he failed to exercise due care in avoiding his injury.

This theory would erect one inference on another without foundation in the record. The only proof is that the motorman saw the decedent as soon as he started coming from the platform into a place of danger and that he acted promptly on that observation. The record as it has been made by the plaintiff is not open to any other inference.

No negligence has been shown, and since the burden in this respect is with the plaintiff the judgment should be reversed, with costs to the appellant, and judgment is directed to be entered dismissing the complaint herein.

Peck, P. J., Dore, Cohn, Shientag and Bergan, JJ., concur.

Judgment unanimously reversed, with costs to the appellant, and judgment is directed to be entered dismissing the complaint herein, with costs.